UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VLADIMIR PERODIN | : | DOCKET NO. 6:11-cv-0583<br>Section P |
| VS. | : | JUDGE DOHERTY |
| WARDEN VIATOR, ET AL. | : | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Currently before the court is a Motion to Dismiss filed on behalf of the respondent in the above-captioned *habeas corpus* matter. [doc. 16]. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 was filed by *pro se* petitioner, Vladimir Perodin, on April 11, 2011, challenging his continued detention in post-removal-order custody. The petition alleges that petitioner, an alleged citizen of Haiti and a native of Spain, was ordered removed on August 31, 2004, and that his order of removal become final on November 7, 2005. The petition further alleges that petitioner was taken into ICE custody on October 7, 2010 and has remained in the custody of ICE pursuant to INA § 241 since that date, and, that despite his cooperation, the ICE has been unable to remove him. Thus, petitioner claimed that he had been detained beyond both the 90 day removal period and the jurisprudential presumptively reasonable six month removal period in violation of the principles established by the Supreme Court in Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Accordingly, petitioner requested that this court order his release from custody.

In response to this petition, the respondent filed the instant Motion to Dismiss. In support of this motion, the government presents documentation which establishes that the petitioner was released from post-removal-order detention pursuant to an Order of Supervision on July 22, 2011. *See* Declaration of Brian Gueringer, Government Exhibit A.

At the time that this petition was filed, Petitioner was in detention pursuant to the statutory authority of § 241 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231, and he sought to have the court review his post-removal-order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed. For this reason,

IT IS RECOMMENDED that the respondent's Motion to Dismiss [doc. 16] be GRANTED and that this petition be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days from service of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL**

**BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, August 1, 2011.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE